# EXHIBIT A

| STATE OF TENNESSEE JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 13C1138 |
|---|---|---|

| PLAINTIFF FRANK DRIVER | DEFENDANT NPC INTERNATIONAL, INC. D/B/A PIZZA HUT AND TACO BELL CORP. |
|---|---|

| TO: (NAME AND ADDRESS OF DEFENDANT) | METHOD OF SERVICE |
|---|---|
| TACO BELL CORP. c/o CT CORPORATION SYSTEM STE 2021 800 S. GAY ST. KNOXVILLE, TN 37292 LIST EACH DEFENDANT ON A SEPARATE SUMMONS. | ☐ CERTIFIED MAIL X KNOX CO. SHERIFF ☐ COMMISSIONER OF INSURANCE ☐ *SECRETARY OF STATE ☐ *OUT OF COUNTY SHERIFF ☐ PRIVATE PROCESS SERVER ☐ OTHER *ATTACH REQUIRED FEES |

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF IF FILING PRO SE: (NAME, ADDRESS & TELEPHONE NUMBER) NINA PARSLEY MICHAEL D. PONCE & ASSOCIATES 1000 JACKSON ROAD, SUITE 225 GOODLETTSVILLE, TN 37072 (615) 851-1776 | FILED, ISSUED & ATTESTED 3/19/2013 RICHARD ROOKER, CIRCUIT COURT CLERK BY: _a m nen_ |
|---|---|

### NOTICE OF DISPOSITION DATE

THE DISPOSITION DATE OF THIS CASE IS TWELVE MONTHS FROM DATE OF FILING. THE CASE MUST BE RESOLVED OR SET FOR TRIAL BY THIS DATE OR IT WILL BE DISMISSED BY THE COURT FOR FAILURE TO PROSECUTE PURSUANT TO T.R.C.P. 41.02 AND LOCAL RULE 18.

IF YOU THINK THE CASE WILL REQUIRE MORE THAN ONE YEAR TO RESOLVE OR SET FOR TRIAL, YOU MUST SEND A LETTER TO THE CIRCUIT COURT CLERK AT THE EARLIEST PRACTICABLE DATE ASKING FOR AN EXTENSION OF THE DISPOSITION DATE AND STATING YOUR REASONS. EXTENSIONS WILL BE GRANTED ONLY WHEN EXCEPTIONAL CIRCUMSTANCES EXIST.

| TO THE SHERIFF: | DATE RECEIVED 03-21-13 SHERIFF _E Bryant / #B1864_ |
|---|---|

***SUBMIT ONE ORIGINAL PLUS ONE COPY FOR EACH DEFENDANT TO BE SERVED.

## RETURN ON SERVICE OF SUMMONS

Served Special Assistant Secret~
~ice of Process to C.T. Corpora~
System~ ~~e Registered ~gent for

I HEREBY RETURN THIS SUMMONS AS FOLLOWS: (NAME OF PARTY SERVED)

_Taco Bell Corp_

Company

☐ SERVED _____

☐ NOT FOUND _____

☐ NOT SERVED _____ Ericka Fry _____

☑ OTHER _____

DATE OF RETURN:

APR 1 9 2013

BY: _W C Bryant / #B1864_

SHERIFF/OR OTHER AUTHORIZED PERSON TO SERVE PROCESS

## RETURN ON SERVICE OF SUMMONS BY MAIL

I HEREBY CERTIFY AND RETURN THAT ON THE _____ DAY OF _____, 20___, I SENT, POSTAGE PREPAID, BY REGISTERED RETURN RECEIPT MAIL OR CERTIFIED RETURN RECEIPT MAIL, A CERTIFIED COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT IN CASE _____ TO THE DEFENDANT _____, ON THE _____ DAY OF _____, 20___. I RECEIVED THE RETURN RECEIPT, WHICH HAD BEEN SIGNED BY _____ ON THE _____ DAY OF _____, 20___. THE RETURN RECEIPT IS ATTACHED TO THIS ORIGINAL SUMMONS TO BE FILED BY THE CIRCUIT COURT CLERK.

| | |
|---|---|
| **Sworn to and subscribed before me on this** _____ **day of** _____, **20**___. SIGNATURE OF _____ NOTARY PUBLIC OR _____ DEPUTY CLERK MY COMMISSION EXPIRES: | SIGNATURE OF PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT (S):

TENNESSEE LAW PROVIDES A TEN THOUSAND DOLLAR ($10,000.00) DEBTOR'S EQUITY INTEREST PERSONAL PROPERTY EXEMPTION FROM EXECUTION OR SEIZURE TO SATISFY A JUDGMENT. IF A JUDGMENT SHOULD BE ENTERED AGAINST YOU IN THIS ACTION AND YOU WISH TO CLAIM PROPERTY AS EXEMPT, YOU MUST FILE A WRITTEN LIST, UNDER OATH, OF THE ITEMS YOU WISH TO CLAIM AS EXEMPT WITH THE CLERK OF THE COURT. THE LIST MAY BE FILED AT ANY TIME AND MAY BE CHANGED BY YOU THEREAFTER AS NECESSARY; HOWEVER, UNLESS IT IS FILED BEFORE THE JUDGMENT BECOMES FINAL, IT WILL NOT BE EFFECTIVE AS TO ANY EXECUTION OR GARNISHMENT ISSUED PRIOR TO THE FILING OF THE LIST. CERTAIN ITEMS ARE AUTOMATICALLY EXEMPT BY LAW AND DO NOT NEED TO BE LISTED; THESE INCLUDE ITEMS OF NECESSARY WEARING APPAREL (CLOTHING) FOR YOURSELF AND YOUR FAMILY AND TRUNKS OR OTHER RECEPTACLES NECESSARY TO CONTAIN SUCH APPAREL, FAMILY PORTRAITS, THE FAMILY BIBLE AND SCHOOL BOOKS. SHOULD ANY OF THESE ITEMS BE SEIZED YOU WOULD HAVE THE RIGHT TO RECOVER THEM. IF YOU DO NOT UNDERSTAND YOUR EXEMPTION RIGHT OR HOW TO EXERCISE IT, YOU MAY WISH TO SEEK THE COUNSEL OF A LAWYER.

MAIL LIST TO:

PLEASE STATE FILE NUMBER ON LIST.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, RICHARD ROOKER, CIRCUIT COURT CLERK IN THE STATE OF TENNESSEE, DAVIDSON COUNTY, DO CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL SUMMONS ISSUED IN THIS CASE. | RICHARD ROOKER, CLERK BY: _____ DEPUTY CLERK |

<table>
<tr><td colspan="2">STATE OF TENNESSEE<br>_____ JUDICIAL DISTRICT<br>CIRCUIT COURT</td><td rowspan="1"><strong>SUMMONS</strong></td><td>CASE FILE NUMBER<br>13C1138</td></tr>
</table>

| STATE OF TENNESSEE _____ JUDICIAL DISTRICT CIRCUIT COURT | **SUMMONS** | CASE FILE NUMBER 13C1138 |
|---|---|---|
| PLAINTIFF FRANK DRIVER | DEFENDANT NPC INTERNATIONAL, INC. D/B/A PIZZA HUT AND TACO BELL CORP. | |

| TO: (NAME AND ADDRESS OF DEFENDANT) | METHOD OF SERVICE |
|---|---|
| NPC INTERNATIONAL, INC. D/B/A PIZZA HUT c/o CT CORPORATION SYSTEM STE 2021 800 S. GAY ST. KNOXVILLE, TN 37292 <br><br>LIST EACH DEFENDANT ON A SEPARATE SUMMONS. | □ CERTIFIED MAIL<br>X KNOX CO. SHERIFF<br>□ COMMISSIONER OF INSURANCE<br>□ *SECRETARY OF STATE<br>□ *OUT OF COUNTY SHERIFF<br>□ PRIVATE PROCESS SERVER<br>□ OTHER<br>*ATTACH REQUIRED FEES |

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF IF FILING PRO SE: (NAME, ADDRESS & TELEPHONE NUMBER) NINA PARSLEY MICHAEL D. PONCE & ASSOCIATES 1000 JACKSON ROAD, SUITE 225 GOODLETTSVILLE, TN 37072 (615) 851-1776 | FILED, ISSUED & ATTESTED 3/19/203<br><br>RICHARD ROOKER, CIRCUIT COURT CLERK By: |
|---|---|

### NOTICE OF DISPOSITION DATE

THE DISPOSITION DATE OF THIS CASE IS TWELVE MONTHS FROM DATE OF FILING. THE CASE MUST BE RESOLVED OR SET FOR TRIAL BY THIS DATE OR IT WILL BE DISMISSED BY THE COURT FOR FAILURE TO PROSECUTE PURSUANT TO T.R.C.P. 41.02 AND LOCAL RULE 18.

IF YOU THINK THE CASE WILL REQUIRE MORE THAN ONE YEAR TO RESOLVE OR SET FOR TRIAL, YOU MUST SEND A LETTER TO THE CIRCUIT COURT CLERK AT THE EARLIEST PRACTICABLE DATE ASKING FOR AN EXTENSION OF THE DISPOSITION DATE AND STATING YOUR REASONS. EXTENSIONS WILL BE GRANTED ONLY WHEN EXCEPTIONAL CIRCUMSTANCES EXIST.

| TO THE SHERIFF: | DATE RECEIVED 03-21-13<br><br>SHERIFF C Bryant / #131864 |
|---|---|

***SUBMIT ONE ORIGINAL PLUS ONE COPY FOR EACH
DEFENDANT TO BE SERVED.

## RETURN ON SERVICE OF SUMMONS

I HEREBY RETURN THIS SUMMONS AS FOLLOWS: (NAME OF PARTY SERVED)

_NPC International Inc._

| | |
|---|---|
| ☐ SERVED _____ | ☐ NOT FOUND _____ |
| ☐ NOT SERVED ___ _Ericka Fry_ ___ | ☑ OTHER _____ |

DATE OF RETURN:

APR 1 9 2013

BY: _W C Bryant / #B1864_

SHERIFF/OR OTHER AUTHORIZED PERSON TO SERVE PROCESS

## RETURN ON SERVICE OF SUMMONS BY MAIL

I HEREBY CERTIFY AND RETURN THAT ON THE _____ DAY OF _____, 20___, I SENT, POSTAGE PREPAID, BY REGISTERED RETURN RECEIPT MAIL OR CERTIFIED RETURN RECEIPT MAIL, A CERTIFIED COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT IN CASE _____ TO THE DEFENDANT _____, ON THE ___ DAY OF _____, 20___. I RECEIVED THE RETURN RECEIPT, WHICH HAD BEEN SIGNED BY _____ ON THE ___ DAY OF _____, 20___. THE RETURN RECEIPT IS ATTACHED TO THIS ORIGINAL SUMMONS TO BE FILED BY THE CIRCUIT COURT CLERK.

| | |
|---|---|
| **Sworn to and subscribed before me on this ___ day of _____, 20___.** <br><br> SIGNATURE OF ___ NOTARY PUBLIC OR ___ DEPUTY CLERK <br><br> MY COMMISSION EXPIRES: | SIGNATURE OF PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT (S):

TENNESSEE LAW PROVIDES A TEN THOUSAND DOLLAR ($10,000.00) DEBTOR'S EQUITY INTEREST PERSONAL PROPERTY EXEMPTION FROM EXECUTION OR SEIZURE TO SATISFY A JUDGMENT. IF A JUDGMENT SHOULD BE ENTERED AGAINST YOU IN THIS ACTION AND YOU WISH TO CLAIM PROPERTY AS EXEMPT, YOU MUST FILE A WRITTEN LIST, UNDER OATH, OF THE ITEMS YOU WISH TO CLAIM AS EXEMPT WITH THE CLERK OF THE COURT. THE LIST MAY BE FILED AT ANY TIME AND MAY BE CHANGED BY YOU THEREAFTER AS NECESSARY; HOWEVER, UNLESS IT IS FILED BEFORE THE JUDGMENT BECOMES FINAL, IT WILL NOT BE EFFECTIVE AS TO ANY EXECUTION OR GARNISHMENT ISSUED PRIOR TO THE FILING OF THE LIST. CERTAIN ITEMS ARE AUTOMATICALLY EXEMPT BY LAW AND DO NOT NEED TO BE LISTED; THESE INCLUDE ITEMS OF NECESSARY WEARING APPAREL (CLOTHING) FOR YOURSELF AND YOUR FAMILY AND TRUNKS OR OTHER RECEPTACLES NECESSARY TO CONTAIN SUCH APPAREL, FAMILY PORTRAITS, THE FAMILY BIBLE, AND SCHOOL BOOKS. SHOULD ANY OF THESE ITEMS BE SEIZED YOU WOULD HAVE THE RIGHT TO RECOVER THEM. IF YOU DO NOT UNDERSTAND YOUR EXEMPTION RIGHT OR HOW TO EXERCISE IT, YOU MAY WISH TO SEEK THE COUNSEL OF A LAWYER.

MAIL LIST TO:

PLEASE STATE FILE NUMBER ON LIST.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, RICHARD ROOKER, CIRCUIT COURT CLERK IN THE STATE OF TENNESSEE, DAVIDSON COUNTY, DO CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL SUMMONS ISSUED IN THIS CASE. | RICHARD ROOKER, CLERK <br><br> BY: _____ <br><br> DEPUTY CLERK |

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FRANK DRIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. _13 C 1138_ |
| | ) |
| NPC INTERNATIONAL, INC. d/b/a | ) |
| PIZZA HUT, and TACO BELL CORP., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Frank Driver, by and through his undersigned counsel, and for his Complaint against NPC International, Inc. d/b/a Pizza Hut and Taco Bell Corp., the Plaintiff states as follows:

1.     The Plaintiff, Frank Driver, (hereinafter "Plaintiff") is a resident and citizen of Madison, Davidson County, Tennessee.

2.     The Defendant, NPC International, Inc., (hereinafter "NPC") is a foreign corporation who is authorized to be and doing business in the State of Tennessee. The Defendant's principal place of business is at 720 W. 20th Street, Pittsburg, KS 66762. They can be served through their registered agent for service of process, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929.

3. The Defendant, Taco Bell Corp., (hereinafter "Taco Bell") is a foreign corporation who is authorized to be and doing business in the State of Tennessee. The Defendant's principal place of business is at 1 Glen Bell Way, Irvine, CA 92618. They can be served through their registered agent for service of process, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929.

1

4.   Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee.

## FACTUAL BACKGROUND

5.   The Plaintiff was hired by the Defendant on or about February 7, 2009.

6.   Beginning around September 2011, the Plaintiff was subjected to sexual harassment, which included verbal sexually suggestive and crude comments directed toward the Plaintiff, and inappropriate behavior.

7.   The Plaintiff's manager M.C. Woods, approached Plaintiff on a weekly basis, several times week, in an inappropriate manner and made sexually hostile comments.

8.   For example, the Plaintiff's manager approached the Plaintiff on March 31, 2012 and told the Plaintiff, "Hey Frank, you're so pretty I just want to kiss you and suck your balls."

9.   The Plaintiff reported this sexual harassment and inappropriate behavior to his area supervisor on several occasions. The Plaintiff also reported to his area supervisor that he was suffering from panic attacks and loss of sleep due to the harassment and hostile work environment created by his manager.

10.  Each and every time the sexual advances were made, the Plaintiff rejected and discouraged said inappropriate conduct.

11.  In addition to the hostile environment, the Plaintiff was advised by his other co-workers that his manager was treating him differently in that they had all received pay raises except for the Plaintiff.

2

12.     The Plaintiff reported to Human Resources on or about April 4, 2012 that he was being subjected to sexual harassment, which included verbal sexually suggestive comments and crude comments and inappropriate behavior that was affecting his ability to work.

13.     Plaintiff requested a transfer to another location in April, 2012.

14.     The Defendants had knowledge of sexual harassment in violation of Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101, et. seq.; T.C.A. § 4-21-301, et. seq.; T.C.A. § 4-21-401, et. seq.

15.     The Plaintiff returned to work on April 5, 2012, and was advised that he had been terminated for allegedly violating company policy for allegedly walking off his post.

## COUNT I
## SEXUAL DISCRIMINATION AND HARASSMENT

16.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraph 1 through 15 above.

17.     At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

18.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

19.     Beginning on or about September, 2011 and continuing through his termination on April 5, 2012, the Plaintiff was subjected to sexual harassment and discrimination by the Defendant's employees, including but not limited to the Plaintiff's supervisors and management.

3

20.    The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to female employees who were similarly situated.

21.    The Plaintiff's formal complaints to management and human resources regarding the Defendants' hostile work environment and sexual harassment were not taken seriously by the Defendants.

22.    Plaintiff further submits that he was subjected to same sex sexual harassment and asserts that M.C. Woods is a homosexual individual and/or he is motivated by a sexual desire for Plaintiff. M.C. Woods frequently propositioned Plaintiff and made sexual comments that were growing increasingly more offensive. Plaintiff feared further advancement, complained to Human Resources and requested a transfer away from this manager.

23.    Plaintiff further submits he worked in a mixed sex workplace and his manager treated females more favorably in the work environment.

24.    The Defendants are liable for harassment, action and inaction of their employees and agents, including but not limited to, M.C. Woods, the area supervisor and Human Resources personnel's failure to take appropriate action and retaliation against Plaintiff following his report of the harassment and hostile work environment.

25.    At all relevant times as set forth herein, the Plaintiff avers the following:

(a)    the Plaintiff was a member of a protected class;

(b)    the Plaintiff was subjected to unwelcome sexual harassment in the form of sexual comments, sexual advances, inappropriate touching and requests for sexual favors by the Defendant;

(c)    the Defendants' harassment of the Plaintiff was based on his sex;

(d)    a tangible employment action resulted from the Plaintiff's refusal to submit to his manager/supervisor's demands;

4

(e)    the Defendants' harassment of the Plaintiff affected a term, condition and/or privilege of the Plaintiff's employment;

(f)    the Defendants' sexual harassment of the Plaintiff created a hostile work environment and/or unreasonably interfered with the Plaintiff's work performance;

(g)    the Defendants' sexual harassment of the Plaintiff caused his physical or mental well-being to be seriously affected;

(h)    the Defendants had notice of the sexual harassment and the hostile work environment and/or the unreasonable interference with Plaintiff's work performance; and

(i)    the Defendants failed to take prompt and appropriate corrective action to eliminate the harassment.

26.    At all pertinent times, (1) the Plaintiff was a member of a protected class (2) the Plaintiff was subjected to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the sexual harassment created a hostile work environment, for which (5) the Defendant employer is liable.

27.    The Defendant is vicariously liable for the hostile work environment created by Plaintiff's manager and which was further reported to upper management and human resources, who had immediate and successively higher authority over the Plaintiff, on more than one occasion.

28.    At all relevant times as set forth herein, the sexual harassment the Plaintiff experienced was so severe and pervasive, traumatic, continuous and repetitive, as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendant.

29.    The harassment and discriminatory conduct which occurred frequently during the Plaintiff's employment with Defendant was so severe in nature and was

5

humiliating, traumatic, embarrassing and offensive that it unreasonable interfered with the Plaintiffs' work performance.

30.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination, hostile work environment and termination and the Plaintiff's gender.

31.     The Plaintiff would aver that the Defendant's reason for his termination was pre-textual and further, the Plaintiff was terminated due to his gender, sexual harassment and report of sexual harassment and discrimination.

32.     By terminating the Plaintiff, the Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of gender/sex, in violation of Tennessee Code Annotated § 4-21-401(a)(1).

## COUNT II
## RETALIATION (TENNESSEE HUMAN RIGHTS ACT)

33.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15 above.

34.     At all times pertinent to this action, Plaintiff was a "person" within the meaning of Tennessee Code Annotated § 4-21-102(14).

35.     At all times pertinent to this action, Defendant was an "employer" within the meaning of Tennessee Code Annotated § 4-21-102(4).

36.     Beginning on or about September, 2011 and continuing through his termination on April 5, 2012, the Plaintiff opposed a practice declared discriminatory by Tennessee Code Annotated §4-21-401(a)(1).

37.     The Plaintiff opposed gender discrimination and sexual harassment in the workplace and a hostile work environment.

6

38.    The Plaintiff reported sexual harassment, and a hostile work environment to his employer, including the area supervisor and human resource department.

39.    The Plaintiff asserts that after opposing unlawful activity, he was treated poorly and was retaliated against and ultimately terminated.

40.    Plaintiff was terminated the day after he spoke to Human Resources and requested a transfer to avoid the illegal behavior.

41.    The Plaintiff asserts that there is a causal connection between the Defendants' retaliatory treatment, his termination and the Plaintiff's opposition to practices declared discriminatory by Tennessee Code Annotated §4-21-401(a) (1).

42.    The Plaintiff would aver that the Defendants' reason for his termination was pre-textual and further, the Plaintiff was terminated in retaliation for engaging in protected activity.

43.    By terminating Plaintiff, the Defendant retaliated and discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of Plaintiff's opposition to a practice declared discriminatory by Tennessee Code Annotated § 4-21-401(a)(1).

## COUNT III
## RETALIATORY DISCHARGE

44.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above.

45.    At all times pertinent to this action, Plaintiff was an "employee" within the meaning of common law and Tennessee Code Annotated § 50-1-304.

7

46.    At all times pertinent to this action, Defendant was an "employer" within the meaning of common law and Tennessee Code Annotated § 50-1-304 and Tennessee Code Annotated § 50-3-106(7).

47.    It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

48.    Contrary to public policy and the common law of the State of Tennessee, an in violation of Tennessee Code Annotated § 50-1-304, the Defendant terminated Plaintiff's employment in retaliation for his exercise of rights in reporting illegal behavior.

49.    Plaintiff submits that he was terminated in retaliation for engaging in protected activities. Plaintiff asserts that the Defendant retaliated against him in violation of Tennessee Code Annotated § 50-1-304, Tennessee Code Annotated § 50-3-106(7), and common law.

50.    Beginning around September, 2011 and continuing through April 5, 2012, the Plaintiff was subjected to retaliation in the workplace for reporting sexual harassment and a hostile work environment.

51.    At all pertinent times, the Defendant violated Tennessee Code Annotated § 50-1-304 and Tennessee Code Annotated § 50-3-106(7), as (1) the Plaintiff was an employee of the Defendant; (2) the Plaintiff reported unwelcome and unlawful sexual harassment and a hostile work environment; (3) the Defendant employer terminated Plaintiff; (4) the Defendants terminated Plaintiff's employment solely because the Plaintiff exercised his right to report illegal and unlawful behavior.

8

52.     The Plaintiff further asserts a claim for common law retaliatory discharge and submits that (1) an employment at will relationship existed; (2) the employee or Plaintiff was discharged on or about April 5, 2012; (3) the reason for the discharge was the Plaintiff's attempt to exercise a statutory or constitutional right and regulatory provisions governing practices in the workplace by reporting harassment, discrimination; and a hostile work environment, and (4) a substantial factor in the Defendant employer's decision to terminate Plaintiff was the Plaintiff's exercise of protected rights or compliance with clear public policy.

53.     The Plaintiff avers that the supervisors, management and Human Resources were the purveyors of the aforementioned acts of inappropriate conduct and retaliation.

54.     The Plaintiff asserts that there is a causal connection between the Defendant's retaliatory termination and the Plaintiff's engagement in protected activity in violation of Tennessee Code Annotated § 50-1-304, Tennessee Code Annotated § 50-3-106(7), and common law.

55.     As a result, Plaintiff has been damaged and is entitled to recover damages.

56.     As a result of the Defendants' culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against, retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, consequential damages, attorneys fees, costs, interest, other nonpecuniary losses and any other legal or equitable relief.

9

## APPLICABLE TO ALL COUNTS

57.     As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

58.     Plaintiff has retained Michael Ponce & Associates to represent him in this action and has agreed to pay the firm a reasonable attorney's fee for its services.

59.     Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

60.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act, Tennessee Public Protection Act and common law.

61.     Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violation of the Tennessee Human Rights Act, Tennessee Public Protection Act and common law.

62.     Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses.

WHEREFORE PLAINTIFF PRAYS:

a)      that service of process issue to Defendant as set forth in;

10

b)      the Plaintiff be awarded compensatory damages of $150,000 or as amount to be determined by the jury;

c)      the Plaintiff be awarded punitive damages of $150,000 or an amount to be determined by the jury;

d)      that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

e)      that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and

f)      that a jury of twelve (12) be empanelled to try this action.


Respectfully submitted,


Nina Parsley [BPR No. 23818]
Michael Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
(615) 851-1776
nina@poncelaw.com
*Attorney for the Plaintiff*

11

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

FRANK DRIVER,             )
                                )
      Plaintiff,          )
                                )
v.                          )     Docket No. _13CV38_
                                )
NPC INTERNATIONAL, INC. d/b/a  )
PIZZA HUT, and TACO BELL CORP.,  )
                                )
      Defendants.       )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO THE DEFENDANT

Comes now the Plaintiff, Frank Driver, by and through undersigned counsel and herewith serve upon the Defendant, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)    If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

1.    Please identify the names, addresses and phone numbers of all persons who are assisting you in the preparation of these responses.

ANSWER:


2.    Please identify the names, addresses and phone numbers of any and all persons who possess knowledge of Plaintiff's termination from employment with American Huts, Inc., including, but not limited to the names of all persons employed by the Defendant who were involved in the decision to terminate the Plaintiff, processing, handling and communications with Plaintiff regarding his termination.

ANSWER:


3.    Please state the hire dates and termination dates of the Plaintiff's employment with the Defendant.

ANSWER:


4.    Please set forth any and all reasons why the Plaintiff was terminated from employment with NPC International, Inc. d/b/a Pizza Hut.

ANSWER:

5.      Please state the name(s) of the Plaintiff's supervisors who were employed with the Defendant at the time of the Plaintiff's termination.

**ANSWER:**

6.      Please indicate all statements made to and/or by Plaintiff regarding his termination from employment with American Huts, Inc.

**ANSWER:**

7.      Who made the decision to terminate the Plaintiff and what information was considered prior to making this decision.

**ANSWER:**

8.      Please list any and all experts the Defendant anticipates calling as a witness at trial and for each expert please list the following:

      A.      the subject matter on which said expert is expected to testify;

      B.      the substance of the facts and opinions to which said expert is expected to testify; and

      C.      state a summary of the grounds for each opinion to which said expert is expected to testify.

**ANSWER:**

9.    Please identify the names, addresses and phone numbers of any and all persons who witnessed Plaintiff's termination of employment with NPC International, Inc. d/b/a Pizza Hut.

**ANSWER:**


10.    At the time of the Plaintiff's termination, please state whether he was on probation, suspension or had any other employment status which jeopardized his future employment with NPC International, Inc. d/b/a Pizza Hut.

**ANSWER:**


11.    Please state whether Defendant has a progressive disciplinary policy. Please state the disciplinary policy in place during April 2012.

**ANSWER:**


12.    Please state whether the Plaintiff had violated any company policy or procedure prior to his termination.  If the answer is affirmative, please clearly state the policy or procedure which was violated and whether she was warned or written up for the violation.  If the Plaintiff was warned or written up for the violation, please state the date and time of the write-up or verbal warning.

ANSWER:

13.     Please state whether a judgment for punitive damages has ever been awarded against the Defendant. If so, please state the caption and style of the lawsuit.

ANSWER:

14.     Please state whether the Defendant has ever been sued for harassment and/or discrimination.

If the answer is yes, please state:

(A) the caption and style of the lawsuit;

(B) the state and county where the lawsuit was filed;

(C) the docket number of the lawsuit;

(D) the disposition of the lawsuit.

ANSWER:

15.     Please state the names of any and all persons who have been terminated by the Defendant in the past five (5) years who filed a report of sexual harassment or other discrimination.

**ANSWER:**



16.     Please identify any and all compensation and employment benefits which the Plaintiff received or was qualified to receive as an employee of the Defendant NPC International, Inc. d/b/a Pizza Hut for the last year (1) year of his employment.

**ANSWER:**



17.     Please state the total monetary value of compensation and benefits that the Plaintiff was receiving at the time of his termination.

**ANSWER:**



18.     Please describe in detail the job or position that the Plaintiff was performing at the time of his termination.

**ANSWER:**

19.    List any and all witnesses you plan to call and any exhibits you plan to use at the time of trial.

**ANSWER:**

20.    Please describe in detail all incidents of sexual harassment reported by the Plaintiff including the date of the incident, the participants in the incident and the persons who were present at the time of the reports.

**ANSWER:**

21.    Please describe in detail any and all reports of harassment made by any employees and/or customers of NPC International, Inc. d/b/a Pizza Hut, in the last 10 years. Please include the date, incident description and the actions taken by American Huts, Inc., to remedy the situation.

**ANSWER:**

22.    Was there an investigation into the Plaintiff's complaints and/or reports about sexual harassment? If so, please specify when the investigation occurred.

**ANSWER:**

23.     List any and all persons involved in investigating the Plaintiff's reports of sexual harassment.

ANSWER:

24.     List any and all disciplinary actions taken against Michael "Corey" Woods by the Defendant complaints the entire duration of his employment with the Defendant.

ANSWER:

25.     List any and all policies and/or practices under which Plaintiff was terminated.

ANSWER:

26.     Please list any statements taken of observations and interactions involving any employees of Defendant concerning either interaction and/or observations of interactions between Frank Driver and/or Michael "Corey" Woods.

ANSWER:

27.    List all training Michael "Corey" Woods received by Defendant, including by not limited to training on harassment and/or a hostile work environment.

**ANSWER:**


28.    Please list any and all times Plaintiff requested a transfer to another location or facility. Please indicate whether the request was made verbally or in writing, who received the request, and the Defendant's response to the request and rationale behind the response.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.    Please make copies of financial data reflecting the Defendant's market value and the Defendant's profit for the past ten years.

**ANSWER:**


2.    Please provide copies of any and all documents, memoranda, reports, forms, letters, correspondence, notes, and recorded statements regarding the Plaintiff's termination.

**ANSWER:**

3.     Please provide a copy of any and all notes, memoranda, letters, correspondence, forms, and reports possessed by Defendant regarding Plaintiff's termination from employment with NPC International, Inc. d/b/a Pizza Hut.

**ANSWER:**


4.     Please provide a copy of any and all notes, memoranda, letters, correspondence, forms, and reports possessed by Defendant regarding Plaintiff's reports of sexual harassment with NPC International, Inc. d/b/a Pizza Hut.

**ANSWER:**


5.     Please provide copies of any and all policies or procedures (in handbooks, memos bulletins, reports or manuals) of Defendant regarding the employment of persons who have reported sexual harassment.

**ANSWER:**


6.     Please produce copies of any reports, notes or memoranda generated or relied upon by any Rule 26 Experts consulted by the Defendant.

**ANSWER:**

7.     Please produce copies of any and all lawsuits filed against the Defendant in the past ten years regarding alleged discriminatory and/or harassing practices.

   **ANSWER:**


8.     Please produce any and all documents, records, reports, memoranda, forms, payroll data, applications, computer data and computer records which are associated or related to any and all compensation and employment benefits which the Plaintiff has received or was qualified to receive as an employee of the Defendant for the last two (2) years of his employment.

   **ANSWER:**


9.     Please provide a job description of the position in which the Plaintiff was working at the time of his termination.

   **ANSWER:**


10.    Please produce a copy of any recording, video tape, CD or DVD reflecting the Plaintiff's termination.

   **ANSWER:**

11.    Please produce a complete copy of Plaintiff's personnel file.

**ANSWER:**

12.    Please produce a copy of all files kept by Defendant on Plaintiff.

**ANSWER:**

13.    Please produce a copy of all exhibits the Defendant may use or rely upon
at trial.

**ANSWER:**

14.    Please produce a copy of any and all documents and items you may use as
exhibits at the trial of this matter.

**ANSWER:**

15.    Produce a copy of Michael "Corey" Woods personnel file.

**ANSWER:**

16.     Produce copies of all documents and/or items generated as part of the investigation into Plaintiff's allegations.

**ANSWER:**


## REQUEST FOR ADMISSIONS

Come now the Plaintiff, by and through undersigned counsel, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, and hereby request that NPC International, Inc. d/b/a Pizza Hut, admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1.     Admit that Plaintiff reported sexual harassment to an employee of Defendant on or before April 4, 2012.

**RESPONSE:**


2.     Admit that Plaintiff was terminated on April 5, 2012 in retaliation for reporting sexual harassment.

**RESPONSE:**


3.     Admit that the Plaintiff never had any disciplinary write ups against him prior to his termination on or about April 5, 2012.

**RESPONSE:**


4.     Admit that NPC International, Inc. d/b/a Pizza Hut, terminated the Plaintiff on or about April 5, 2012.

**RESPONSE:**

5.    Admit that the Plaintiff reported suffering from medical conditions, such as panic attacks prior to April 5, 2012 due to the hostile work environment created by his manager.

**RESPONSE:**


Respectfully submitted,


_Nina Parsley_

Nina Parsley, BPR# 23818
Michael D. Ponce & Associates
Attorney for Plaintiff
1000 Jackson Road, Ste. 225
Goodlettsville, TN 37072
(615) 851-1776

# OATH

STATE OF _____ )
COUNTY OF _____ )

        I, _____, being first duly sworn, hereby depose and say that the answers to the foregoing Interrogatories and Request for Production of Documents are true to the best of my knowledge and belief.

                                                           _____
                                                           NPC International, Inc. d/b/a Pizza Hut, Representative

        Sworn to and subscribed before me this the _____ day of _____, 20____.

                                                           _____
                                             NOTARY PUBLIC

My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendant.

Date: 3/1/13

Nina Parsley